Moncure, P.
delivered the opinion of the court:
This is a writ of error to a judgment of the Circuit court of Franklin county, affirming a judgment of the County court of that county, whereby the Commonwealth recovered against the plaintiff in error a fine of five hundred dollars and costs of the prosecution. The information on which the judgment was obtained was against the plaintiff and two others, and charged *811 that they, “on the 26th day of August 1866, at Bethel church in the said county of Franklin, did sell goods, wares and merchandise, without having first the license required by law therefor, against the peace and dignity of the Commonwealth of Virginia.” The information seems to have been founded on the first section of the act passed February 13, 1866, Sess. Acts 1865-6, p. 32, chap. 2, which isln these words: “ FTo person shall, without a license authorized by law, sell, contract to sell or offer to sell, for himself or for others, for profit or on commission, or for other compensation, any personal property by deed or other writing, by delivery, sample, card or other representation, including as such, coal oil, salt and copperas water, except as follows, to wit:” and then follow the exceptions. There was a demurrer to the information, which was overruled. And there was a motion in arrest of judgment, which was also overruled. Several questions arose in the case, which are set forth in the assignment of errors in the petition, but it is only necessary to notice one of them, which arises both on the demurrer and on the motion in arrest of judgment. That question is, whether the information is fatally defective, in not charging the sale to have been made “ for profit or on commission, or for other compensation,” in the words of the statute ?
We think these are material words in the statutory description of the offence. The statute does not prohibit the mere sale of personal property without a license, but such a sale “for profit or on commission, or for other compensation.” It is necessary, therefore, in an information or indictment on this statute to charge that the sale was for profit, or on commission, or for other compensation, in order to show that the statute has been violated. This is according to a well settled principle of law in regard to pleading in criminal cases,, which has been repeatedly and recently recognized by *812 this court. Commonwealth v. Peas, 4 Leigh 692, 2 Gratt. 629; Same v. Hampton, 3 Gratt. 590; Howel v. The Commonwealth, 5 Id. 664; Commonwealth v. Young, 15 Id. 664; Old v. The Commonwealth, 18 Id. 915.
We therefore think that the information is fatally defective, for the reason aforesaid; that both the demurrrer to the information and the motion in arrest of judgment ought to have been sustained; and that the judgments, both of the Circuit and County courts, ought to be reversed.
The judgment was as follows:
It seems to the court, for reasons stated in writing and filed with the record, that there is a fatal defect in the information in this case, which was a sufficient ground for sustaining the demurrer to the said information, and the motion in arrest of judgment; and that the judgments, both of said Circuit court and of the said County court are erroneous. Therefore, it is considered, that the said judgment of the said Circuit court be reversed and annulled. And this court proceeding to enter such judgment as the said Circuit court ought to have entered, it is further considered that the said judgment of the said County court be also reversed and annulled, and that the said plaintiff be discharged from further prosecution on the said information, and go thereof without day. Which is ordered to be certified to the said Circuit court.
Judgment reversed.